Salazar, Recurrente, *v.* El Registrador de San Juan, Sección Primera, Recurrido.

Recurso gubernativo interpuesto contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando la inscripción de una escritura de venta e hipoteca.

No. 381.—Resuelto en febrero 14, 1919.

Bienes Gananciales—Bienes Propios de los Cónyuges—Edificios Construídos Durante el Matrimonio en Suelo Propio de uno de los Cónyuges—Edificaciones a Expensas de la Sociedad.—Disponiendo el artículo 1319 del Código Civil que serán bienes gananciales los edificios construídos durante el matrimonio en suelo propio de uno de los cónyuges, abonándose el valor del suelo al cónyuge a quien pertenezca, surge como consecuencia la de que cuando los edificios se construyen en suelo de la exclusiva propiedad de uno de los cónyuges, suelo y edificaciones pasan a tener la condición de gananciales, siempre que las edificaciones se hagan a expensas de esa sociedad.

Suelo—Interpretación del Artículo 1319 en Relacion con el 367 del Código Civil.—Por suelo deberá entenderse la superficie de terreno dedicada al edificio y no cualquiera extensión de terreno de que forme parte aquella superficie, pues el artículo 1319 debe interpretarse en sentido restrictivo y no extensivo por la razón de ser una excepción a la regla general de que lo accesorio sigue a lo principal, o sea al artículo 367 del Código, preceptivo de que lo edificado, plantado o sembrado en predios ajenos y las mejoras hechas en ellos pertenecen al dueño de los mismos.

Pago del Precio—Apoderado—Extralimitación de sus Facultades.—Cuando los terrenos vendidos son de la exclusiva propiedad del marido y gananciales las edificaciones con los suelos en que han sido levantadas, es el marido quien

tiene derecho a percibir el precio correspondiente a las parcelas de terreno de que continúa siendo dueño y en favor suyo debe constituirse la obligación de pago del precio que tenga derecho a percibir con la hipoteca correspondiente.

PODER—FACULTADES DEL MANDATARIO—LIMITACIÓN DEL MISMO.—El poder conferido para vender bienes privativos de cada uno de los consortes y también de la sociedad conyugal, no faculta al apoderado para vender bienes privativos de uno de los cónyuges por precio que haya de pagarse a ambos cónyuges, constituyéndose a favor de éstos hipoteca voluntaria sobre los propios inmuebles objeto de la enajenación para garantir el precio aplazado.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Francisco Soto Gras.*

El registrador recurrido compareció en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura otorgada en esta ciudad de San Juan en 7 de mayo de 1918 ante el notario Francisco Soto Gras, Marcelino Salazar y Salazar, como apoderado de los consortes Antonio Salazar Arceo y Presentación Salazar, vendió a Juana Santiago, asistida de su esposo Juan Vilá Rullat, dos parcelas de terreno designadas en la escritura con las letras A y B, las que adquirió Salazar Arceo en estado de soltería y están inscritas a su favor en el registro de la propiedad. Sobre la parcela letra A que tiene una cabida de 28 cuerdas y 57 centésimas de otra, existe actualmente una casita de construcción de madera y techada de zinc, y sobre la otra parcela, letra B, con cabida de 89 cuerdas y 58 centésimas de otra, existen también actualmente una casa de madera y techo de zinc, dos casitas más y dos ranchones también de madera y techo de zinc, cuyas edificaciones se incluyen en la venta y fueron construídas a expensas y con peculio de la sociedad conyugal constituída por los esposos Salazar Arceo y Presentación Salazar. La venta de la parcela A con su edificación se hizo por $3,000 y la de la otra parcela B con sus edificaciones por $13,000, total $16,000, de los cuales el apoderado de los vendedores recibió $4,000 de contado, obligándose la compradora Juana Santiago a satisfacer el resto a los vendedores en seis plazos anuales de $2,000 cada

uno, con interés del 7 por ciento anual.  Para garantir el
precio aplazado, intereses, costas, gastos y honorarios de
abogado en caso de reclamación judicial los esposos Juana
Santiago y Juan Vilá Rullat constituyeron hipoteca a favor
de Antonio Salazar Arceo y Presentación Salazar sobre los
inmuebles enajenados, respondiendo el designado con la letra
tra A de $2,000 de principal, de los intereses en proporción
a esa suma, y de $300 para gastos y costas en caso de recla-
mación judicial, y el descrito con la letra B, de $10,000 de
principal, de los intereses en proporción a esa suma, y de
$700 para gastos y costas en caso de reclamación judicial.
En la escritura hizo constar el esposo Juan Vilá Rullat que
los $4,000 pagados de contado pertenecían al peculio propio
o privativo de su esposa Juana Santiago.

Dos copias de la anterior escritura fueron presentadas
en el Registro de la Propiedad de San Juan, Sección Pri-
mera, para que en una de ellas se hiciera constar la inscrip-
ción de la venta, y en la otra la de la hipoteca, y el regis-
trador denegó las inscripciones solicitadas por medio de no-
tas concebidas en idénticos términos, que dicen así:

"Denegada la inscripción del precedente documento, escritura nú-
mero 48 de fecha 7 de mayo de 1918 ante el notario don Francisco
Soto Gras, con vista del poder, por los motivos siguientes: 1º. Que
siendo el terreno de ambas fincas vendidas de la propiedad privativa
del marido y las edificaciones pertenecientes a la sociedad conyugal,
al garantizarse la suma de doce mil dollars del precio aplazado, se
constituye hipoteca a favor de los esposos Don Antonio Salazar y
Arceo y Doña Presentación Salazar y Salazar, sin determinarse con
qué carácter se adquiere este crédito por los vendedores, esto es, si
una parte de él corresponde al marido y otra a la sociedad conyugal,
o si se establece todo a favor de dicha sociedad, para cuyo último
caso no está facultado el apoderado don Marcelino Salazar y Salazar;
2º. Que aun admitiendo que tal hipoteca se constituya a favor de
cada entidad por su parte respectiva en los bienes, no estando deter-
minada la participación de cada una en el gravamen hipotecario, no
resulta la extensión de los derechos, requisito que exige el artículo 9º.
de la Ley Hipotecaria; 3º. Que en su caso la parte correspondiente
a cada uno de los interesados o acreedores no se distribuye a su vez

entre los terrenos de ambas fincas, del marido, y las casas de las mismas de la sociedad, como lo prescriben el artículo 119 de la Ley Hipotecaria y el 164 de su Reglamento, pues la distribución que se ha verificado es la del crédito total, y en cuanto a las edificaciones, además de los motivos indicados, por no hallarse inscritas a favor de la sociedad conyugal, circunstancia necesaria, por pertenecer el terreno a persona distinta de dicha sociedad; habiéndose tomado en su lugar anotación preventiva por el término legal, en el tomo, folios, números de fincas, y bajo las letras que se expresan al margen de la descripción de cada finca, habiendo tenido en cuenta las resoluciones del Hon. Tribunal Supremo de Puerto Rico, tomo 15, página 489, y tomo 16, página 676. En cuanto a la venta se ha consignado además el defecto subsanable de no acreditarse en forma legal el carácter privativo que se dice tiene la parte pagada del precio, de acuerdo con la sentencia de dicho Tribunal, tomo 16, página 766, San Juan, P. R., 24 de junio de 1918. El registrador, Rafael Tirado Verrier.''

El recurrente impugna la nota recurrida y sostiene el recurso bajo la teoría de que los terrenos de que se trata y edificaciones comprendidas en ellos son bienes gananciales según el artículo 1319 del Código Civil.

Dicho artículo ordena que serán bienes gananciales los edificios construídos durante el matrimonio en suelo propio de uno de los cónyuges, abonándose el valor del suelo al cónyuge a quien pertenezca; y en su consecuencia, con arreglo a ese precepto legal cuando los edificios se construyen en suelo de la exclusiva propiedad de uno de los cónyuges, suelo y edificaciones pasan a tener la condición de gananciales, siempre que las edificaciones se hagan a expensas de esa sociedad. Tal doctrina fué establecida en el caso de *Matheu* v. *Murillo et al.*, 25 D. P. R. 329, y reproducida en el caso posterior de *Sucesores de Santos Alonso* v. *El Registrador de San Juan*, 26 D. P. R. 831.

Por suelo debe entenderse la superficie de terreno dedicada al edificio y no cualquier extensión de terreno de que forme parte aquella superficie, pues el artículo 1319 debe interpretarse en sentido restrictivo, y no extensivo, por la razón de ser una excepción a la regla general de que lo acce-

sorio sigue a lo principal, o sea al artículo 367 del código, preceptivo de que lo edificado, plantado c sembrado en predios ajenos y las mejoras hechas en ellos pertenecen al dueño de los mismos.

No es posible pretender como pretende el recurrente que una finca de 28 cuerdas de la exclusiva propiedad del marido pase a ser ganancial por el hecho de haber levantado en ella la sociedad conyugal una casita de madera techada de zinc, y que otra finca de mayor cabida aún, o sea de 89 cuerdas, también de la propiedad del marido, pase a ser ganancial por el hecho de haber levantado en ella la sociedad conyugal una casa de madera con techo de zinc, dos casitas más y dos ranchones también de madera y techo de zinc.

Entendemos, pues, que las dos parcelas de terreno de que se trata, de la exclusiva propiedad del marido Antonio Salazar Arceo, continúan siendo de su exclusiva propiedad con excepción de las edificaciones y suelos en que han sido levantadas, que deben reputarse gananciales, abonándose el valor de dichos suelos a Antonio Salazar Arceo.

Y ahora cabe preguntar ¿pudo el apoderado Marcelino Salazar y Salazar hacer a nombre de los consortes Antonio Salazar Arceo y Presentación Salazar la venta de las dos parcelas de terreno en los términos en que la hizo, a saber, por precio de $16,000, recibiendo $4,000 de contado y quedando aplazado el pago de los $12,000 restantes que la compradora Juana de Santiago se obligó a satisfacer a los vendedores, constituyendo ella y su esposo Juan Vilá y Rullat hipoteca voluntaria sobre los mismos terrenos y sus edificaciones en favor de los cónyuges?

Opinamos que no, pues si como hemos dicho antes los terrenos vendidos son de la exclusiva propiedad del marido y deben reputarse gananciales las edificaciones con los suelos en que han sido levantadas, el marido es quien tiene derecho a percibir el precio correspondiente a las parcelas de terreno de que continúa siendo dueño y en su favor debe cons-

tituirse la obligación de pago del precio que tenga derecho a percibir con la hipoteca correspondiente.

En el poder otorgado por los esposos Antonio Salazar Arceo y Presentación Salazar a favor de Marcelino Salazar expresan aquéllos que "dan y confieren todo su poder cumplido, amplio y bastante cuanto en derecho se requiera y sea menester a don Marcelino Salazar y Salazar    *    *    *    para que a nombre de los señores comparecientes tanto de los bienes privativos de cada uno de ellos como de los de la sociedad conyugal, ejecute los actos siguientes:    *    *    *    Venda absolutamente o con pacto de cualquier clase cuantos inmuebles o parte de ellos les correspondan o adquieran en lo futuro los otorgantes, recibiendo el dinero al contado o a plazos según convenga, dando posesión y obligándose a la evicción y saneamiento con arreglo a derecho."

Las cláusulas transcritas facultan al apoderado Marcelino Salazar para vender bienes privativos de cada uno de los consortes Antonio Salazar Arceo y Presentación Salazar y también de la sociedad conyugal, pero no le facultan para vender bienes privativos de uno de los cónyuges por precio que ha de pagarse a ambos cónyuges, como se hizo en la escritura de 7 de mayo de 1918 en que la compradora se obliga y compromete a satisfacer a los vendedores el precio aplazado de $12,000 constituyendo hipoteca voluntaria a favor de los cónyuges Antonio Salazar Arceo y Presentación Salazar sobre los propios inmuebles objeto de enajenación. La estipulación del pago del precio aplazado en las condiciones expuestas equivale a una renuncia de derechos hecha por el poderdante Antonio Salazar Arceo y para esa renuncia no estaba facultado el apoderado Marcelino Salazar. Por ese fundamento se sostienen las notas recurridas.

Por el juicio que hemos formado del caso huelga discutir el segundo y tercer motivos en que se fundan dichas notas y todas las demás cuestiones en ellas envueltas, puesto que para la inscripción en el registro ha de otorgarse nueva escritura

de venta e hipoteca bajo la doctrina legal que dejamos establecida con observancia de los preceptos de la Ley Hipotecaria y de su Reglamento atinentes al caso.

Son de confirmarse las notas recurridas.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.